```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TYHESHA BEY, | 1:18-cv-11934-NLH-JS |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| JUDGE WILLIAM TODD MILLER, et al., | |
| Defendants. | |

**APPEARANCES:**

TYHESHA BEY
1528 CASPIAN PLACE
ATLANTIC CITY, NJ 08401
    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Tyhesha Bey, appearing *pro se*, has filed a complaint against Defendants Judge William Todd Miller, Tina Montella, Jannette Best, and Kelly Grimes; and

    WHEREAS, Plaintiff claims that on July 19, 2018, Defendant Judge William Todd Miller "order with violation of paperwork to take my private property from my home," which was performed by John Doe police officers, and Defendants Tina Montella, Jannette Best, and Kelly Grimes; and

    WHEREAS, it appears that Plaintiff's "private property" is her daughter, and Plaintiff claims that as a result of

Defendants' actions, she has suffered from harassment, kidnapping, and trespassing; and

WHEREAS, Plaintiff states that her "child is priceless," but she will settle for $200 million, and she demands that "my property be returned to me until my case can be heard"; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's

2

Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient in four significant ways:

1. Plaintiff has failed to properly state this Court's subject matter jurisdiction over her action. On the form complaint provided by the Court for *pro se* plaintiffs, Plaintiff has checked each of the boxes for the four bases of jurisdiction: federal question, diversity of citizenship, U.S. Government Plaintiff, and U.S. Government Defendant.

3

(a) Plaintiff elaborates that the basis for federal question jurisdiction is "human rights, divine constitution and by laws (Moorish science temple) the zodiac constitution." In order to invoke federal question jurisdiction, however, Plaintiff must plead a violation of the U.S. Constitution or the laws of the United States. See U.S. Const, Art III, Section 2 (providing that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

(b) If Plaintiff's case is premised on diversity of citizenship, Plaintiff has failed to plead the citizenship of the parties. See 28 U.S.C. § 1332 (providing that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs).

(c) It does not appear that Plaintiff qualifies as a U.S. Government Plaintiff, and Plaintiff does not plead that any of the Defendants are U.S. Government Defendants; and

2. Plaintiff has failed to state a specific legal basis for her claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states

a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."); and

3. Plaintiff has failed to provide even the most basic facts to explain how each defendant allegedly caused Plaintiff's injury, see Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted) ("Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); and

4. It appears that two abstention doctrines - the Rooker-Feldman doctrine and the Younger abstention doctrine - may preclude Plaintiff's claims in this Court if they concern a direct challenge to an ongoing state court case.[1] See Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992) (providing that under the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction to engage in appellate review of state-court determinations or to evaluate

---

[1] To her complaint, Plaintiff has attached an Order to Show Cause for Investigation by the N.J. Division of Child Protection and Permanency signed by Judge Miller on June 1, 2018. (Docket No. 1-3 at 10.)

constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding); Desi's Pizza, Inc. v. City of Wilkes-Barre 321 F.3d 411, 420 (3d Cir. 2003) (providing that a court has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction, which includes the determination of whether the Rooker-Feldman doctrine applies); Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004) (providing that the Younger abstention doctrine applies when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims);

THEREFORE,

IT IS on this __26th__ day of __July__, 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend her complaint to properly cure the deficiencies noted above. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.