# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TYHESHA BEY,

    Plaintiff,

v.

JUDGE WILLIAM TODD MILLER, et al.,

    Defendants.

1:18-cv-11934-NLH-JS

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

TYHESHA BEY
1528 CASPIAN PLACE
ATLANTIC CITY, NJ 08401
    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, on July 19, 2018, Plaintiff, Tyhesha Bey, appearing *pro se*, filed a complaint against Defendants Judge William Todd Miller, Tina Montella, Jannette Best, and Kelly Grimes; and

    WHEREAS, Plaintiff also filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1); and

    WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if

it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, on July 26, 2018, the Court screened Plaintiff's complaint and granted her IFP application, but found that Plaintiff's complaint was deficient in four significant ways: (1) Plaintiff failed to properly state this Court's subject matter jurisdiction over her action; (2) Plaintiff failed to state a specific legal basis for her claims, which is necessary to establish subject matter jurisdiction; (3) Plaintiff failed to provide even the most basic facts to explain how each defendant allegedly caused Plaintiff's injury; and (4) It appeared that two abstention doctrines - the Rooker-Feldman doctrine and the Younger abstention doctrine - precluded Plaintiff's claims in this Court if they concerned a direct challenge to an ongoing state court case (Docket No. 2); and

WHEREAS, the Court provided Plaintiff with twenty (20) days to amend her complaint to properly cure the deficiencies, but ordered that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); and

WHEREAS, Plaintiff has not filed an amended complaint,

which was due on August 15, 2018;[1]

THEREFORE,

IT IS on this  21st   day of  August  , 2018

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is directed to mark this matter as CLOSED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[1] When Plaintiff filed her complaint, she completed a "Consent & Registration Form to Receive Documents Electronically." (Docket No. 1-4.) The Court's July 26, 2018 Order was electronically mailed to Plaintiff on that date.